# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MANCHESTER PACIFIC GATEWAY LLC, | CASE NO. 07cv1099 JM(RBB) |
|---|---|
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | |
| CALIFORNIA COASTAL COMMISSION, et al., | |
| Defendants. | |

Defendants California Coastal Commission ("Commission"), all twelve members of the Commission (Steve Blank, Sara Wan, Dr. William A. Burke, Steven Kram, Mary K. Shallenberger, Patrick Kruer, Bonnie Neely, Mike Reilly, Dave Potter, Khatchik Achadjian, Larry Clark, and Ben Hueso), and the Executive Director of the Commiussion (Peter M. Douglas) move for reconsideration of this court's April 25, 2008 Order Granting Motion for Partial Summary Judgment ("Order").[1] Plaintiff Manchester Pacific Gateway LLC ("MPG") opposes the motion.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. . . . There may also be other, highly unusual circumstances warranting reconsideration." School Dist. N. 1J Multnomah Cty. v. ACandS, Inc., 5 F.3d 1255, 1263

---

[1] On January 15, 2008 the parties jointly dismissed three Commission staff persons (Sherilyn Sarb, Deborah Lee, and Diana Lilly) from the First Amended Complaint.

1  (9th Cir. 1993).  The Commission does not identify any newly discovered evidence nor intervening
2  change in law.  Rather, the Commission argues that the court committed clear error by (1) "holding
3  that the Commission may not require a coastal development permit for private activities on federal
4  lands excluded from the coastal zone under the Coastal Zone Management Act ("CZMA")," (Motion
5  at p.2:5-7); and (2) treating MPG's "project as a federal, rather than private, activity."  (Motion at
6  p.2:12).  Finally the Commission argues that MPG's counsel provided an overly broad assessment of
7  the Order to the press.  (Motion at p.7:4-6).

8        The court rejects the Commission's grounds for reconsideration.  First, the Commission
9  mischaracterizes this court's holding.  This court's holding is a narrow one: the NBC site is excluded
10  from the definition of coastal zone because the use of the NBC site "is by law subject solely to the
11  discretion of . . . the Federal Government."  16 U.S.C. §1453(1).  Second, the involvement of MPG
12  in developing  and operating the NBC site, as explained in the Order, does not violate the statutory
13  mandate as the legislation at issue specifically contemplates "the use of private parties to accomplish
14  the federal object to construct Navy administrative facilities. . . ."  (Order at p.9:2-3).  Finally, an
15  attorney's characterization, or mischaracterization, of a court order to the press is not a ground
16  warranting reconsideration.

17        In sum, the motion for reconsideration is denied.

18        **IT IS SO ORDERED.**

19  DATED: July 14, 2008

20                                       Hon. Jeffrey T. Miller
21                                       United States District Judge

22  cc:       All parties

23

24

25

26

27

28